## GLOVER v. ADAMS.

### No. 13011.

Court of Civil Appeals of Texas. Dallas.

March 29, 1941.

Rehearing Denied May 9, 1941.

Enoch G. Fletcher, of Grand Saline, for appellant.

Nat M. Crawford, of Grand Saline, and West & Stanford, of Canton, for appellee.

LOONEY, Justice.

The events leading to this controversy, in short, are these: R. L. Adams engaged in highway or road contracting work, became indebted to the State National Bank of Grand Saline, Van Zandt County, and being pressed for payment, applied to C. A. Glover for financial assistance; the result being that, Mr. Glover took up and extended Adams' indebtedness at the bank, over $2,000, to secure which, Adams executed a chattel mortgage on certain personal property, consisting of livestock, teams, wagons, graders, fresnoes, harness, etc.; the form of security later was changed to that of a bill of sale, under which the chattels, ostensibly, were sold and transferred by Adams to Glover, but, admittedly being for the security of debt, the instrument was simply a mortgage. It was understood, in view of the financial arrangements the parties entered into, that similar properties subsequently acquired by Adams in the prosecution of road work would be considered as included in the written instrument and held as security for whatever indebtedness Adams might be due and owing Glover.

In addition to the original transaction, Glover agreed to finance Adams on substantially the following plan: When necessary for Adams to pay for labor, teams, tools, or other indebtedness incurred in the prosecution of road work, he would draw checks on the State National Bank of Grand Saline, in favor of the debtor, and, from time to time, Glover would pay these checks and take possession of same. The bank was not expected to, nor did it, pay the checks or endorse the same to Glover, as Adams had no deposit there, nor did he have any arrangement with the bank to pay same; seemingly, the bank acted merely as a clearing house, holding such of Adams' checks as came in, until they were taken up by Mr. Glover. The parties began operations under this plan in 1928, and continued until the spring of 1935, when Glover refused to proceed further, but, in the meantime, he had cashed checks amounting, in the aggre-

gate, to over $100,000; however, from time to time, Adams had made payments to Glover, leaving $24,959.04 unpaid at the time their relations were disrupted.

Glover instituted the present suit, alleging the facts just stated, prayed for recovery of the personal property involved, on the theory that he owned same, under and by virtue of the bill of sale; and, in the alternative, if the bill of sale should be construed to be a mortgage, prayed judgment for debt and foreclosure.

Among other defenses, Adams plead the statutes of two and four years' limitation, and specially plead settlement and satisfaction of the indebtedness, alleging in this respect that, on April 14, 1937, he conveyed to Glover certain real estate situated in Van Zandt County, Texas, in full satisfaction of his claims and liens; that Glover accepted the conveyance and took possession of the properties, as full and final settlement between the parties.

On proper submission, the jury found that the bill of sale heretofore referred to was intended by the parties to operate as a lien on the personal property to secure Adams' indebtedness to Glover; also found that Glover accepted the deed from Adams, conveying certain real estate situated in Van Zandt County, in full settlement of the indebtedness involved in the present controversy. These findings, being sustained by evidence, are adopted as our conclusions of fact on the respective issues.

Based upon the findings of the jury, the court rendered judgment that Glover take nothing, from which he appealed, and presents but one assignment of error, that is, that the court erred in refusing to admit in evidence the checks drawn by Adams and taken up by Glover, in accordance with their agreement.

The checks were exhibited in court and Adams admitted signing each of them. There was no controversy either as to the existence or the amount of Adams' indebtedness to Glover at the time their relations were disrupted, hence the several checks, as evidence, could only have been material on the issue of limitation; but, as that issue was not submitted, and the jury having found that the parties agreed upon and consummated a full settlement before the institution of the suit, the question of limitation became immaterial, and error, if any, committed by the court in refusing to admit the checks in evidence, in our opinion, was harmless.

The judgment of the court below is affirmed.

Affirmed.

## On Rehearing.

The only assignment urged for reversal was that, the trial court erred in refusing to admit in evidence certain checks drawn by appellee and paid by the appellant, that evidenced, and in the aggregate amounted to, the sum for which plaintiff sought judgment and foreclosure.

We overruled the assignment because neither the existence nor the amount of the indebtedness claimed by appellant was controverted, hence, the error of the court, if any, in excluding the checks was harmless.

In his motion for rehearing, appellant challenges the accuracy of our statement in the original opinion, to the effect that, there was no controversy in the court below, either as to the existence or the amount of appellant's claim, the contention being that, the statement was incorrect, because the admission of counsel for appellee that the amount claimed to have been paid by appellant was not disputed, was made, not in the presence or hearing of the jury, but in a colloquy between court and counsel, in which the admissibility of the checks was under consideration, the argument made being that, the amount paid by appellant was a material fact, bearing upon the issue of settlement.

Appellee plead and testified that, he conveyed to appellant certain real estate, which was accepted in full payment and settlement of the amount owing, but the testimony of appellee in this respect was categorically denied by the appellant. We readily agree with counsel for appellant that the amount of indebtedness involved was a material fact for the consideration of the jury in passing upon the issue of settlement, and in determining the conflict of evidence on that issue, and if the fact had not been before the jury otherwise, the assignment, in our opinion, would present error; however, on cross-examination, Mr. Glover, in answer to a question asked by counsel for appellee, as to the amount he claimed against appellee, stated, "About twenty-four thousand and a half," meaning, of course, about $24,500. Continuing the cross-examination, the witness answered that the amount of his claim against appellee was $24,959.04, being precisely the amount sued for, with

interest. So we do not think it can correctly be said that the amount of appellant's claim against appellee was not properly before the jury. Besides, in the colloquy between counsel and the court, with reference to the admissibility of the checks, at the time appellee's counsel stated that there was no difference or dispute as to the amount of money appellant furnished appellee, the question of limitation, alone, was the burden of the discussion, appellee contending that, the two years' statute applied; appellant contending that the cause of action was upon written instruments and that the four years' statute applied, and had no reference to the existence, whether or not, or the amount of appellant's claim against appellee. The colloquy appears in the statement of facts, beginning at page 43 and extending to and including page 47. We therefore overrule appellant's motion for rehearing.